**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NORMA ALVAREZ, et al., | |
|      Plaintiffs, | Civil No. 15-2061 (NLH) |
|    v. | |
| TROPICANA HOTEL & CASINO, et al., | **OPINION** |
|      Defendants. | |

**APPEARANCES:**

> DAVID R. CASTELLANI
> 450 Tilton Road, Suite 245
> Northfield, NJ 08225
> Attorney for Plaintiffs Norma Alvarez, Tiffany Baez
>
> BARBARA ANN JOHNSON-STOKES
> LAW OFFICE OF MICHAEL A. ARMSTRONG
> 79 Mainbridge Lane
> Willingboro, NJ 08046
> Attorney for Defendant City of Atlantic City
>
> TRACY RILEY
> Law Offices of Riley & Riley
> 100 High Street
> Mt. Holly, NJ 08060
> Attorney for Defendant Jose Gonzalez

**HILLMAN, District Judge**:

Norma Alvarez and Tiffany Baez filed a Complaint against the City of Atlantic City, Atlantic City Police Officer Jose Gonzalez, and several John Does claiming violation of their

rights under 42 U.S.C. 1983.[1]  Plaintiffs assert that on March
24, 2013, while at the Providence Night Club in the Tropicana
Hotel and Casino in Atlantic City, Officer Gonzalez used
excessive force against both Plaintiffs, arrested them without
probable cause for aggravated assault on a police officer and
resisting arrest, and caused them to be detained in a holding
cell at the police station for between six and 12 hours.

Presently before the Court is a motion to dismiss the
Complaint pursuant to Rule 12(b)(6) of the Federal Rules of
Civil Procedure filed by Officer Gonzalez.  Gonzalez argues that
Plaintiffs' claims are barred by collateral estoppel and the
favorable termination rule of Heck v. Humphrey, 512 U.S. 477
(1994).  Although the City of Atlantic City filed an Answer, the
City thereafter filed a letter seeking to join in the motion to
dismiss on the ground that the federal claims against the City

---

[1] The Complaint also asserts a federal conspiracy claim, claims
under New Jersey law, and claims against Tropicana Hotel and
Casino.  Plaintiffs and Tropicana Hotel and Casino filed a
stipulation dismissing the claims against Tropicana without
prejudice.  (ECF No. 13.)  Plaintiffs, the City of Atlantic City
and Jose Gonzalez filed a stipulation dismissing the conspiracy to
violate civil rights claims (Count Three) and the claims arising
under New Jersey law (Count Five) with prejudice as against the
City of Atlantic City and Jose Gonzalez.  (ECF No. 17.)

"will fall automatically when the Motion to Dismiss Plaintiffs['] Complaint is granted as to Codefendant Gonzalez." (ECF No. 16.)  Plaintiff argues that the motion to dismiss should be denied because the acquittal of Gonzalez on charges that he assaulted Plaintiffs does not collaterally estop their claims against Gonzalez and because <u>Heck</u> does not bar their claims.  The Court agrees with Plaintiffs and will deny the motion to dismiss.

## I.   BACKGROUND

In this Complaint, Alvarez and Baez assert that on March 24, 2013, they were celebrating Baez's 24th birthday at the Providence Night Club located in the Tropicana Hotel and Casino in Atlantic City.  Plaintiffs allege that they left the building with a woman named Jennifer, who would be giving them a ride home, after Jennifer and other women involved in an incident in the ladies room were asked by the bouncers to leave.  Plaintiffs assert that the bouncers permitted them to go back into the night club and while they were at the bar Defendant Officer Gonzalez flashed his flashlight in Baez's face, violently grabbed Alvarez, pushed Baez into Alvarez, and punched her in the face.  Plaintiffs assert that Gonzalez "delivered a series of strikes to the plaintiff Tiffany Baez while she lay on the

3

ground," and he also "punched plaintiff Norma Alvarez in the face causing her to fall to the floor as well."  (ECF No. 1 at 3.)

Plaintiffs assert that Gonzalez improperly arrested them for aggravated assault on a police officer and resisting arrest and they were taken to the police station where they were detained in a holding cell for six to 12 hours before being released.  Plaintiffs allege that they were each indicted on these criminal charges, but the charges were dismissed after they successfully completed New Jersey's Pre-Trial Intervention Program.  Plaintiffs further allege that Officer Gonzalez and Defendants John Doe 1-4 have a history of civilian excessive force complaints.

In Count One, Plaintiffs claim that Officer Gonzalez and the John Doe defendants violated their rights under § 1983 by using excessive force, arresting them without probable cause, and detaining them for up to 12 hours.  In Count Two, Plaintiffs claim that the City of Atlantic City violated their rights under § 1983, inter alia, through a pattern, practice and custom of permitting, encouraging and knowingly acquiescing in the violation of citizens' constitutional rights by police officers, including Gonzalez and the John Does.

4

## II.  STANDARD OF REVIEW

To recover under 42 U.S.C. § 1983 against an individual, a plaintiff must show:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

To survive dismissal for failure to state a claim upon which relief may be granted under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted). Although for the purposes of Rule 12(b)(6) a court must take factual allegations in the complaint as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

5

### III. DISCUSSION

A. <u>Collateral Estoppel</u>

Gonzalez argues that collateral estoppel bars Plaintiffs' § 1983 excessive force claims against Gonzalez because on December 17, 2014, Municipal Court Judge Mary Siracusa acquitted Gonzalez of committing assault against Norma Alvarez and Tiffany Baez. Arguing that the Court should take judicial notice of <u>State v. Gonzalez</u>, Summons Nos. 0102-S-2013-1589, 0102-S-2013-1590, Gonzalez attaches the cover sheet and a portion of the trial transcript to the certification of his attorney.  (ECF No. 5-4 at 3-8.)  The transcript shows that at the close of the prosecution's criminal case against Gonzalez, Judge Siracusa granted Gonzalez's motion for acquittal.  <u>Id.</u>  Relying on <u>Kauffman v. Moss</u>, 420 F.2d 1270, 1274 (3d Cir. 1970), Gonzalez contends that the doctrine of collateral estoppel applies when plaintiffs in a § 1983 case "attempt[] to relitigate in federal court issues decided against them in state criminal proceedings."  (ECF No. 5-2 at 6.)  Gonzalez further argues that this case "is clearly an instance where Plaintiffs are attempting to raise issues they previously raised in criminal proceedings – specially the allegations of assault against Officer Gonzalez that resulted in the December 17, 2014 trial.

6

Because it has already been determined that Officer Gonzalez did not assault either Plaintiff, the claims for excessive force must be dismissed pursuant to Collateral and Judicial Estoppel." Id.

Plaintiffs argue that they are not collaterally estopped from pursuing their § 1983 excessive force claims against Gonzalez because the standard of proof in the criminal case (beyond a reasonable doubt) is greater than the standard of proof in this action (preponderance of the evidence).  Relying on Dowling v. United States, 493 U.S. 342, 349 (1990), and other state and federal cases, as well as the Restatement (Second) of Judgments § 28, Plaintiffs argue that Gonzalez's acquittal on assault charges does not negate the possibility that a preponderance of the evidence could show that he used excessive force when he arrested them.

Officer Gonzalez relies on Kauffman v. Moss, but that case does not compel dismissal of Plaintiff's excessive force and other § 1983 claims.  After he was convicted of several crimes in state court, the plaintiff in Kauffman filed a § 1983 case against police officers alleging that they had conspired to secure his convictions by the knowing use of perjured testimony. The District Court dismissed the complaint on the ground that

plaintiff was collaterally estopped from bringing a civil damage
suit based on the alleged use of perjured testimony and the
Third Circuit reversed:  "While the case may be appropriate for
summary judgment upon consideration of the criminal trial
record, it was error to dispose of the complaint by a motion to
dismiss on the ground of estoppel."  Kauffman, 420 F.2d at 1275
(footnote omitted).

    Kauffman does not govern this case, since it involved the
question of whether a conviction of a person bars that person's
civil action against the police for conspiring to improperly
obtain that conviction, and this case concerns whether a police
officer's acquittal for assaulting Plaintiffs bars their civil
action against that officer for the alleged use of excessive
force during arrest.

    The Court agrees with Plaintiffs and rejects the notion
that collateral estoppel bars their § 1983 claims against
Gonzalez.  Because conviction in the criminal case against
Gonzalez required proof beyond a reasonable doubt and a judgment
in Plaintiffs' favor in this case will require only proof by a
preponderance of the evidence, Gonzalez's acquittal on charges
that he assaulted Plaintiffs does not collaterally estop their
civil action against Gonzalez for the alleged use of excessive

force during arrest.  See United States v. Watts, 519 U.S. 148 (1997) ("[A]n acquittal is not a finding of any fact.  An acquittal can only be an acknowledgement that the government failed to prove an essential element of the offense beyond a reasonable doubt.")(citation omitted); Dowling v. United States, 493 U.S. 342, 349 (1990) ("[A]n acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof."); United States v. One Assortment of 89 Firearms, 465 U.S. 354, 361, 362 (1984) (holding that a gun owner's acquittal on criminal charges that he had knowingly engaged in the business of dealing in firearms without a license does not preclude a subsequent in rem civil action for forfeiture of those same firearms because "an acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt" and "the jury verdict in the criminal action did not negate the possibility that a preponderance of the evidence could show that Mulcahey was engaged in an unlicensed firearms business."); One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 235 (1972) (holding that the Double Jeopardy Clause did not bar a forfeiture action subsequent to acquittal on the

9

underlying offense because "the difference in the burden of proof in criminal a civil cases precludes application of the doctrine of collateral estoppel.")

B.   Favorable Termination Rule

Gonzalez argues that the favorable termination rule of Heck v. Humphrey bars Plaintiffs' § 1983 excessive force, unlawful arrest, and unlawful detention pursuant to arrest claims.[2] Specifically, he argues that the dismissal of the aggravated assault on a police officer and resisting arrest charges against Plaintiffs based on Plaintiffs' successful completion of New Jersey's Pre-Trial Intervention Program does not constitute a favorable termination under Heck.

Heck only applies after a conviction.  See Wallace v. Kato, 549 U.S. 384, 393 (2007) ("[T]he Heck rule for deferred accrual is called into play only when there exists a conviction or

---

[2] The constitutional tort of "false imprisonment ends once the victim becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges . . . If there is a false arrest claim damages for that claim covers the time of detention up until issuance of process or arraignment, but not more.  From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Wallace v. Kato, 549 U.S. 384, 389-90 (2007) (citations and internal quotation marks omitted).

sentence that has not been ... invalidated, that is to say, an outstanding criminal judgment.")  Because nothing alleged in the Complaint shows that Plaintiffs were convicted, Heck does not bar their § 1983 claims.  Id.  In any event, Heck does not bar § 1983 claims for false arrest and detention pursuant to arrest, see id. at 397; Montgomery v. DeSimone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("Because a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest, we find that Montgomery's claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence"), or excessive force.  See Lora-Pena v. FBI, 529 F.3d 503, 506 (3d Cir. 2008) ("Lora-Pena's convictions for resisting arrest and assaulting officers would not be inconsistent with a holding that the officers, during a lawful arrest, used excessive (or unlawful) force in response to his own unlawful actions"); Nelson v. Jashurek, 109 F.3d 142, 145-146 (3d. Cir. 1997) (holding that resisting arrest conviction does not bar an excessive force claim under Heck).

Plaintiffs' § 1983 claims against Gonzalez and the City of Atlantic City are not barred by collateral estoppel or Heck v.

11

<u>Humphrey</u>.  The Court will, therefore, deny Gonzalez's motion to dismiss the Complaint pursuant to Rule 12(b)(6).

## IV.  CONCLUSION

The Court denies the motion to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).


/s/Noel L. Hillman
**NOEL L. HILLMAN, U.S.D.J.**

DATED:  December 17, 2015

12